## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>   Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-346<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff POWER THE FUTURE ("PTF"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE" or "STATE DEPARTMENT"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory and injunctive relief, seeking immediate processing and release of agency records responsive to Plaintiff's request seeking a copy of a single, specifically described record of compelling and timely public and public-policy interest, following the State Department's failure to comply with the express terms of FOIA as well as the Department's failure to make a "determination" as defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013) ("CREW") and the Department's unlawful denial of Plaintiff's requests for expedited processing and fee waivers.

1

## PARTIES

2. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

3. Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to and 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) to review State's failure to comply with the statutory deadline for making a determination in response to Plaintiff's FOIA Request.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(6)(E)(iii) to review an agency's denial of requests for expedited processing.

6.  Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" either on the merits or with respect to expedited processing as that term is defined in *CREW*, 711 F.3d at 188; *see also e.g., Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020).

8. Plaintiff has no obligation to further exhaust administrative remedies with respect to its request for "expedited processing" of its FOIA request to which Defendant has failed to respond. *See* 5 U.S.C. 5 U.S.C. § 552(a)(6)(E)(iii) ("[a]gency action to deny or affirm a denial of a request for expedited processing …shall be subject to judicial review[.]" See *also ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004).

## PLAINTIFF'S FOIA REQUEST

9. On January 22, 2024, Plaintiff submitted by internet portal and fax a FOIA request to Defendant seeking an unredacted version of a particular described record reflecting the names and job titles of "SPEC" (or Office of the Special Envoy for Climate) 'staff', including an excerpted image of the record published by a newspaper, and noting the title of the record reflected therein.

10. As described further below, Plaintiff also sought expedited processing and provided more than adequate reasons therefore. *See also* Exhibit A.

11. The partial image of the redacted version was published by the *Boston Herald* newspaper, in an editorial reporting the State Department's refusal to release the identities of senior officials, and even the titles of eight of these officials, making up to $186,680 per year.

12. The federal General Services Administration notes, "Public record information includes basic employee information such as name, grade, salary, title and duty station are generally releasable to the public." https://www.gsa.gov/reference/gsa-privacy-program/privacy-act-and-gsa-employees (last accessed January 31, 2024).

13. As observed in the request, the "SPEC" is a hybrid office with no organic statutory authority, which reports directly to the White House although placed in the State Department and which, reports in major news outlets confirm, has resisted typical congressional oversight.

14. In fact, the Department has also refused to release this specific information to Congress, while informing the *Herald* that it will release such facts but not until October 2024, *i.e.,* until a new fiscal year has begun. Joe Dwinnell, "John Kerry faces heat from House Oversight Committee chair," *Boston Herald*, April 25, 2023, https://www.bostonherald.com/2023/04/25/john-kerry-faces-heat-from-house-oversight-committee-chair/.

15. The assertion that the Department will not release until October such plainly public information of the names and titles of senior officials working in this Office suggests that the Department intends to selectively withhold this information to prevent public dissemination for the current fiscal year 2024.

16. The Department's position is also an admission that the information is not privileged.

17. Further relevant to the need for timely production of the single record at issue here is that any records responsive to this request will shed light on "SPEC" involvement with a program of which Plaintiff has learned, of a private party, a self-described "strategic partner" of the United Nations[1] placing "climate" 'staff' in governmental offices of the United States, e.g., in state governor's offices and/or regulatory agencies in New Mexico, North Carolina, Michigan and Wisconsin among others, expressly for the purpose of "UN strengthening."[2]

18. That this UN "strategic partner" is spending millions of dollars each year on these climate 'staff', at the same time that, public records also show, at least one other activist donor who pledged hundreds of millions of dollars more to advancing the same agenda (Michael Bloomberg) is paying 'staff' in state attorneys general and public utility commission offices to pursue the same goals, indicates a campaign to finance 'staff' at every level of government.

19. Such a practice if implemented in the federal government raises ethics and statutory concerns. See, e.g., 31 U.S.C. 1342, forbidding the acceptance of voluntary services on behalf of the Federal Government or employment of personal services in excess of that authorized by law.

---

[1] See, e.g., https://unfoundation.org/who-we-are/our-mission/ and United Nations Foundation profile at https://www.guidestar.org/profile/58-2368165.
[2] See Thomas Catenacci, "United Nations Foundation is quietly fueling climate policy, funding staff in Dem states," FoxNews.com, February 5, 2024, https://www.foxnews.com/politics/united-nations-foundation-quietly-fueling-climate-policy-funding-staff-dem-states; see also, UN Foundation IRS Form 990s, https://unfoundation.org/who-we-are/our-financials/.

20. Public records show that "[t]he SPEC office's senior director for climate finance" (name withheld) sought a meeting to discuss "all the elements we can't put on paper" about SPEC's budget. (Thomas Catenacci, "John Kerry's secretive climate office discussed keeping plans off 'paper,' emails show," FoxNews.com, August 19, 2022, https://www.foxnews.com/politics/john-kerrys-secretive-climate-office-discussed-keeping-plans-paper-emails-show.)

21. Last week, a media outlet reported one of the parties financing this campaign had revealed the name of one of these SPEC officials, Reed Schuler, describing him as the Office's "executive director of management and implementation" (Jimmy Quinn, "John Kerry Staffer Spoke at Climate Meeting alongside CCP Front Group," National Review, February 1, 2024, https://www.nationalreview.com/2024/02/john-kerry-staffer-spoke-at-climate-meeting-alongside-ccp-front-group/).

22. This same individual now holding a senior position in SPEC, Mr. Schuler, is known to have previously been placed by this UN "strategic partner" as "climate" advisor to a United States governor, Jay Inslee of Washington State. ("Climate of Unaccountability," *Wall Street Journal*, January 11, 2018, https://www.wsj.com/articles/climate-of-unaccountability-1515717585.).

23. This information and Defendant's curious and selective refusal to release the names and titles of senior "SPEC" personnel raises legitimate concerns of great public interest that the same "strategic partner" of the United Nations, which claims it "works with the United Nations and other partners to fulfill the promise of the Paris Agreement on climate change," is financing and placing 'staff' to represent the interests of the United States in the State Department in dealings with and issues of concern to, *inter alia*, the United Nations.

24. Records responsive to this request will shed light on "SPEC" involvement with the program including whether ideological private parties are paying for State Department "staff" in this already highly unique and thoroughly opaque Office.

25. The information sought is plainly public information subject to release under FOIA, and of great public interest.

26. Plaintiff requested a waiver of its fees on the alternative bases of the public interest and Plaintiff's status as a media requester as recognized by federal agencies for FOIA purposes.

27. Plaintiff requested expedited processing and over the course of several pages set forth with media and factual citations the basis for granting expedited processing, with numerous of these factors highlighted in yellow, certifying under penalty of perjury these assertions were true and correct to the best of requester's knowledge. See Ex. A.

28. On January 22, 2024, Defendant acknowledged the request assigning it request number F-2024-05256, and later that same day updated the "status" of the request to "received".

29.  These two are the only correspondence Plaintiff has received regarding this request.

30. By its inaction and failure to promptly process the request or make a determination on Plaintiff's requests in the alternative for fee waiver, on its request for expedited treatment, or on the request itself in any way, Defendant has improperly withheld records in response to this request in violation of FOIA.

31. Defendant's FOIA regulations, found at 22 CFR Part 171, state, in pertinent part, "(d) Expedited processing.

(1) Requests shall receive expedited processing when a requester demonstrates that a compelling need for the information exists. A compelling need is deemed to exist when the requester can demonstrate one of the following: …

(ii) With respect to a request made by a person primarily engaged in disseminating information, there exists an urgency to inform the public concerning actual or alleged Federal Government activity". 22 CFR §171.12(1)(d).

32. Defendant's FOIA regulations further state, *inter alia*: "A notice of the determination whether to grant expedited processing *must* be provided to the requester within 10 calendar days of the date of the receipt of the request for expedited processing in the appropriate office (whether A/GIS/IPS, OIG, or PPT)." (emphasis added) *Id* at §171.12(d)(4).

33. State owed Plaintiff a "determination" on Plaintiff's request for expedited processing no later than February 5, 2024.

34. However, State has provided no substantive response or "determination" with respect to any aspect of the request other than to acknowledge the request, then update its status to "received," on January 22, 2024.

35. State is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to Plaintiff's request in violation of its obligations under FOIA.

36. "FOIA language 'clearly indicates that judicial review is appropriate at either of two moments: when the agency has denied a request for expedited processing, or when the agency has, upon administrative appeal, affirmed the denial of such a request'." *Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020), citing *Al-Fayed v. CIA*, No. 00-2092, 2000 WL 34342564 (D.D.C. Sept. 20, 2000). Also, "Plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request", *Id*. citing *Elec. Privacy Info. Ctr. v. Dep't of Defense*, 355 F. Supp. 2d 98, 100 n.1 (D.D.C. 2004).

## FIRST CLAIM FOR RELIEF
### Duty to Provide Expedited Processing

37. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Plaintiff has sought expedited processing of its request pursuant to Defendant's expedited processing regulations and was wrongfully denied it.

39. Plaintiff has established that it is media outlet for FOIA purposes and that it is primarily engaged in the dissemination of information.

40. Plaintiff has established that its request pertains to Government activity.

41. Plaintiff has established that there is an urgency to inform the public about this Government activity and that it, as a media outlet, is in a position to do so.

42. Plaintiff has a "compelling need" because it is primarily engaged in disseminating information, and the information requested has more value at the present moment than it will in the future because, for reasons set forth above and in Plaintiff's request, Exhibit A, State's actions not only evince an intent to hide from the public what is well-established to be information subject to release under FOIA (the names and titles of senior, in this case highly compensated officials) but to only release the information once the new fiscal year begins, i.e., to evade acknowledging names and funding sources "we [SPEC] can't [sic] put on paper" which, facts suggest, include donor-provided and privately compensated officials in the U.S. Department of State.

43. Defendant's constructive and actual denial of Plaintiff's request for expedited processing was not in accordance with the law and does not satisfy State's obligations under FOIA.

44. Plaintiff is not required to further pursue administrative remedies.

45. Plaintiff asks this Court to enter a mandatory injunction ordering that the Defendant process the request at issue herein on an expedited basis.

46. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to have its FOIA request, as described above, processed under the State Department's expedited track.

    b. State's denial of Plaintiff's request for expedited processing was not in accordance with the law and does not satisfy the State's obligation under FOIA;

    c. State must now place Plaintiff's request, as described above, in its expedited processing track.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records

47. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

48. This count relates to Plaintiff's ultimate entitlement to the record at issue under FOIA, regardless of whether such entitlement is established on an expedited basis. It seeks both a mandatory injunction which will require Defendant to produce the record, and a declaration that Defendant's failure to produce the record is in violation of FOIA.

49. Plaintiff has sought and been denied production of a responsive record reflecting the conduct of official Government activity.

50. Plaintiff has the statutory right to the information it seeks and the State Department has unlawfully withheld the information.

51. Plaintiff has a statutory right to a fee waiver under FOIA and the State Department has unlawfully denied such a waiver.

52. Plaintiff is not required to further pursue administrative remedies.

53. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to the record responsive to its FOIA request as described above, and any attachments thereto, but that the State Department has failed to provide the record;

    b. The State Department's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy the Department's obligations under FOIA;

    c. The State Department must now produce record responsive to Plaintiff's request; State must waive any fees that would otherwise be required to produce record described herein.

54. Plaintiff is entitled to injunctive relief compelling the State Department to produce the record responsive to the FOIA request described herein, and to further injunctive relief prohibiting the Department from charging fees for the record at issue.

55. Plaintiff asks the Court to enter an injunction ordering the State Department to produce to Plaintiff within twenty business days of the date of the order the requested record sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to Plaintiff.

56. Plaintiff asks the Court to order the Parties to consult regarding the withheld document and to file a status report to the Court within thirty days after Plaintiff receives the produced document, addressing the State Department's preparation of a *Vaughn* log, and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to the State Department's withheld information, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

57. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

58. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

59. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 6th day of February 2024

        POWER THE FUTURE
        By Counsel:

        /s/Matthew D. Hardin
        Matthew D. Hardin, D.C. Bar No. 1032711
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        Email: MatthewDHardin@protonmail.com

        s/Christopher Horner
        Christopher Horner, D.C. Bar No. 440107
        Max Will, PLLC
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 262-4458
        Email: Chris@CHornerLaw.com